GARCÍA, DEMANDANTE Y APELANTE, *v.* DÍAZ, DEMANDADO Y APELADO.

No. 3041.—*Visto:* Diciembre 4, 1923. *Resuelto:* Abril 28, 1924.

*Injunction* PARA RECOBRAR LA POSESIÓN DE INMUEBLE—DESCRIPCIÓN INSUFICIENTE DE LA PROPIEDAD.—En una demanda de *injunction* para recobrar la posesión de propiedad inmueble no es una descripción suficientemente específica de la propiedad el alegar que el demandado privó a la demandante de una porción de su finca, expresando el número de metros.

ID.—EXCEPCIÓN PREVIA A LA DEMANDA—NEGLIGENCIA DEL DEMANDANTE AL NO ENMENDAR.—Si un demandante no enmienda su demanda cuando se presenta una excepción previa, sino descansa en la resolución de la corte en su favor, no puede alegar como error la acción favorable de la corte.

ID.—TEORÍA DE LA DEMANDA—CAMBIO DE TEORÍA EN APELACIÓN.—Cuando se sostuvo en la corte inferior la teoría de privación de la posesión, en apelación no puede cambiarse esta teoría alegando actos de perturbación y violencia más bien que un cambio en la posesión.

SENTENCIA de *R. Díaz Cintrón,* J. (Ponce), desestimando demanda de *injunction,* con costas. *Confirmada.*

*Parra Capó & Torres Córdova,* abogados de la apelante; *C. Brunet,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En un procedimiento de *injunction* para recobrar la po-

sesión de una propiedad inmueble la Corte de Distrito de Ponce dictó·sentencia contra la demandante.

No encontramos que la corte inferior incurriera en error al declarar que la propiedad no había sido descrita suficientemente, si como se indicaba en la demanda el demandado privó a la demandante de una parte específica de la propiedad. La demandante meramente dijo que el demandado le privó de una porción de su finca poniendo una cerca en ella, y haciendo constar el número de metros.

Insiste la apelante, sin embargo, en que la corte debió haber declarado con lugar la excepción previa deducida a la demanda por este fundamento y dado a ella una oportunidad de enmendar su demanda. La apelante no cita ninguna autoridad y estamos bajo la impresión de que la excepción previa era una notificación suficiente para la demandante y apenas puede ser oída para quejarse de su falta de atención a su misma deficiencia. La apelante sostiene que el defecto contenido en la demanda quedó subsanado por la prueba.

La corte inferior no estaba obligada a practicar una inspección ocular. Esto es discrecional y no se demostró ningún abuso de discreción.

Insiste la apelante en que el caso realmente giró sobre los actos de perturbación y violencia del demandado más bien que en un cambio en la posesión. El apelado replica diciendo que este es un cambio en la teoría de la corte inferior. La posición asumida por·el apelado está justificada por un examen de la demanda, y la apelante no demuestra que el apelado estuvo presente y permitió la incongruencia hasta tal punto que su caso quede comprendido dentro de los principios de renuncia según se indican en los artículos 136–138 del Código de Enjuiciamiento Civil.

La prueba tiende a acreditar que la demandante adquirió una parcela de terreno del demandado; que las partes nunca llegaron a definir bien sus colindancias; que con el consentimiento, si no a instancia de la demandante, después de

una tentativa frustrada años antes, el agrimensor Blas Silva hizo una mensura y que el demandado mandó a poner una cerca a todo lo largo de las líneas divisorias y que parte de esa cerca llegó al balcón de la demandante.

La apelante, sin embargo, no probó haber sido privada de alguna parte de la casa o que su entrada o salida de dicha casa quedó impedida ni ninguna prueba satisfactoria de que estaba ella en posesión de cualquiera parte de la finca donde estaba la cerca.

*Debe confirmarse la sentencia.*